NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL RANGLIN,

    Plaintiff,

v.

BLOOMBERG FINANCE, LP and MODIS, INC.,

    Defendants.

Civil Action No. 17-02852 (MAS) (TJB)

**MEMORANDUM ORDER**

    This matter comes before the Court on Defendant Bloomberg Finance, LP's ("Bloomberg" or "Defendant") unopposed Motion to Stay All Claims (ECF No. 17) pending the outcome of Plaintiff Michael Ranglin's ("Plaintiff") arbitration with Modis, Inc. ("Modis"). The Court has carefully considered Defendant's submission and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Defendant's motion to stay is GRANTED.

**I.**     **Background**

    Plaintiff was an employee of Modis, a staffing company, working in the position of "IT Specialist." (Am. Compl. ¶¶ 14, 16, ECF No. 13.) Through Plaintiff's employment at Modis, Plaintiff performed work for Bloomberg. (Am. Compl. ¶¶ 20, 24.) Plaintiff alleges that he was discriminated and retaliated against on the basis of a disability in violation of the Americans with Disabilities Act, New Jersey Law Against Discrimination, and the Employee Retirement Income Security Act. (Am. Compl. ¶¶ 55–69.) Plaintiff further alleges that both Modis and Bloomberg are liable for the alleged conduct. (Am. Compl. ¶¶ 70–73.)

Plaintiff and Modis are parties to an arbitration agreement. (Declaration in Supp. of Mot. to Compel Arbitration, Exs. A, B, ECF No. 10-2.) Bloomberg is not a party to this agreement. (*Id.*; Def.'s Moving Br. 1, ECF No. 17-1.) On August 7, 2017, Plaintiff and Modis filed a joint stipulation to stay the claims against Modis pending arbitration between them. (Joint Stipulation, ECF 15.) Bloomberg now moves to stay all claims against it pending the outcome of the arbitration between Plaintiff and Modis. (Def.'s Moving Br. 3.) Bloomberg represents that Modis has no objection to Bloomberg's request for a stay. (*Id.* At 3–4). Plaintiff did not originally file opposition to Defendant's motion. After the deadline to file opposition passed, the Court entered an Order providing Plaintiff with additional time to file opposition and notifying Plaintiff that the Court would treat the motion as unopposed if no opposition was filed. (ECF No. 18.) Plaintiff did not oppose the motion.

## II. Discussion

A court has the inherent power to control its own docket to promote fair and efficient adjudication. Granting a stay of claims is within the court's inherent power. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Rolo v. Gen. Dev. Corp.*, 949 F.2d 695, 702 (3d Cir. 1991); *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 445 (D.N.J. 2014). Courts have recognized that granting a stay between non-arbitrating parties pending the outcome of arbitration between other parties may be advisable in some circumstances and is a matter of discretion for the Court. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n.23 (1983). Courts consider a number of factors to determine whether to grant a stay including: (1) whether granting the stay would tactically disadvantage or prejudice the non-moving party; (2) whether there would be hardship for the moving party if the stay was denied; (3) whether the stay would simplify the issues or the trial of

the case; and (4) whether the trial date has been set and discovery is complete. *Akishev*, 23 F. Supp. 3d at 446 (citations omitted).

The Court is satisfied that a stay is appropriate in this instance. There is no evidence that Plaintiff would be prejudiced by the stay, the proceedings are at an early stage, and the claims are so closely intertwined that the arbitration may moot, narrow, or eliminate certain issues. Therefore, upon the Court's review of Defendant's submission, and in light of Plaintiff's decision not to file opposition, the Court hereby stays the claims against Bloomberg pending the outcome of the arbitration between Plaintiff and Modis. Accordingly, for the reasons set forth above, and other good cause shown,

IT IS on this 27th day of October 2017, **ORDERED** that:

1. Defendant's Motion to Stay All Claims (ECF No. 17) is GRANTED.
2. This matter is stayed and administratively terminated pending arbitration.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE